Judge David Lawson,

My name is John Michael Garzon, Federal Inmate #61538510. You have been residing over my case throughout my proceedings. I'm currently writing you in regards to my legal counsel, Brian Dailey. I feel that Brian has been, and continues to be an ineffective assistance of counsel. I also believe that he has been detrimental to my proceedings, to include the plea offer that I ultimately accepted. An offer that even you had commented, didn't seem to have any benefit to. I did not realize until now, how important it had been to bring up my issues with counsel before.

My hope is that by the end of this letter, that you will agree that Mr. Dailey shows a total lack of moral and ethical character, and has provided me with ineffective assistance of counsel.

At this time I am asking for a change of counsel, to be provided by the courts. One who will be able to assist in the remainder of my proceedings. As of today, 1-25-24, Mr. Dailey has not reached out to me to review my pre-sentancing report. Despite my requests for him to do so. If I have missed the time allotted to submit any changes or challenges, than I am also seeking an extension to do so. With new counsel.

I first met Mr. Dailey a few days prior to my arrest. Just after the FBI raided and destroyed my home. Which resulted in the death of my eleven month old puppy. At this meeting Mr. Dailey represented himself as a criminal attorney, which was also stated on his website. Throughout this meeting I was told that another attorney at his practice would assist him on my case, stating that this other attorney was better suited for these matters. Thus far I have never spoken with anybody else at Mr. Dailey's firm. When I later questioned why, Mr. Dailey stated that they had discussed it and determined that Brian was best suited to oversee things. I know believe this to be an out right lie, and that the partnering attorney had infact quit. Due to legal matters that Mr. Dailey is currently going through. I've also recently been informed that Mr. Dailey is not a criminal attorney and has a history of misrepresenting himself. It is stated in an included article that he is a car accident attorney.

Since my initial arrest Mr. Dailey has been completely unreachable to me and my parents. Mr. Dailey had given me his mobile number at our first meeting and told me to reach him there anytime. Throughout the first seven months of my incarceration I attempted to call Mr. Dailey, morning, mid-day and end of business day, Monday through Friday. During these many months Mr. Dailey only answered twice. Both times he stated that he was busy and to call him in the afternoon. Both of those later calls went unanswered. I had also attempted to call his office, but the number had been blocked. Throughout this same time, my parents were attempting to contact him

via calls & texts to his mobile, emails and also messages left with his office receptionist. All stating that I'd been trying to reach him and that I wanted to speak to him. Never once did he respond to them either, but did acknowledge to me at court that he had recieved the messages.

Each and every time that I have seen Mr. Dailey in court, I have expressed to him that I had been trying to reach him, that I wanted to speak with him and understand what was happening with my case. He has responded every time by stating that he would have his paralegal, Phatra, set up a zoom meeting for the following week. I've asked this at every court appearance since my bond hearing. Not one of those meetings has ever been scheduled. To this day, I have never seen my discovery, despite consistantly asking to.

Mr. Dailey has been late to most of my court dates as well. Always being unprepared. To my recollection he's been late to my bond hearing, arrangment, pre-trial conference and most recently, the pre-sentancing interview. At the start of the pre-trial conference you yourself had berated him for being so late. You also said that yourself, your staff and the prosecutor had been trying to reach him for some time, unsuccessfully. It was also made known that Mr. Dailey hadn't viewed my discovery until days before pre-trial, despite being told to do so many times in the prior months. Which ultimately left no time to discuss it with me, or time to negotiate my plea offer.

Mr. Dailey recieved the plea offer on a Monday afternoon, the day before pre-trial. An offer that I do not believe had been discussed or negotiated with Mr. Dailey being unreachable. That Teusday at the pre-trial hearing Mr. Dailey made the court aware that he hadn't had an opportunity to discuss it with me. He also stated that he was prepared to meet with me the following day (Wed) and then be ready to report back to court on Thursday, that same week. This very alarming to me since I wouldn't be given sufficient time to review the offer, ask questions, and ultimately make a decision. Especially since still not seeing my discovery. It also allowed no time for negotiations. Never the less, you instructed Mr. Dailey to visit me the following day at Midland County Jail and review the offer. Mr. Dailey responded by stating that if he couldn't meet in person, he would at least set up a zoom meeting.

The following day, Mr. Dailey never showed up for a meeting. I had also not been called for a zoom. Growing concerned that morning I began calling Mr. Dailey's mobile phone, and persisted throughout the day. Mr. Dailey never answered. I asked the officers at the jail if I was scheduled for a legal call and was told that my attorney had never reached out to set one up.

The next day Mr. Dailey showed up at the courthouse 30 minutes before the

follow up hearing. To briefly review the offer with what little time there was, and determine on the spot whether or not I'd be taking it.

During our short review of the offer, Mr. Dailey verbally communicated to me the two clauses that would be the benefits to taking it. They would also serve as his reasoning to urge me to accept it. I would later discover that one of these clauses did not exist. I realized this at the time of signing the agreement days later, which was the first time I'd been able to read it myself. Just three hours before it was due signed. When I asked Mr. Dailey why the clause was nowhere to be found, he simply responded, "I thought I saw it in there." In the end I was given three hours to read the plea and decide whether or not to accept it or go to trial under the threat of superciding indictments. All while never having seen my discovery or being told what the superciding indictments would have been.

In November 23', Mr. Dailey had also told me that he recommended that he hire a special mitigator to assist in the plea negotiations, to review my pre-sentancing report and help draft my sentancing memorandum. He had even made this known in your courtroom and named the mitigator in mind. I have told Mr. Dailey on multiple occassions that I did want to retain this person and that I wanted to speak with her myself. So that I could fully understand her role and also be sure that she understood me, my history and the parameters of my case. To date he has not retain her service, or any one else of a similar profession. Leaving Mr. Dailey completely inexperienced and unprepared in these matters. As he has consistantly demonstrated.

Upon my first meeting with Mr. Dailey, he stated he would need $15,000 down payment to retain his services. He was also instructed to draft a power of attorney, authorizing my parents to oversee any of my affairs. I proceeded to pay him $5,000, which was the only savings that I had. My parents paid the addittional $10,000 the following week. At which time he told my parents that he would need an addittional $30,000, paid up front, to cover what he believed would be the time spent on my case. This added payment was never communicated to me until after he had been paid. Now totalling $45,000.

I have since asked Mr. Dailey on several occassions, to provide an itemized reciept of his services rendered because I do not believe he's spent nearly enough time on my case to have spent a majority of that payment. I've been told by Mr. Dailey that he will provide this reciept, but he has not yet done so. He has also not provided the power of attorney document, which was part of his payment.

My last interaction with Mr. Dailey was at my pre-sentancing hearing, this past December. He was again extreamly late. Showing up just 5-10 minutes before the

end of the interview. At the beginning of the interview the interviewer stated "Your attorney should be present, but is not here. He has also been very difficult to get this scheduled with and we'll be starting without him." Mr. Dailey finally made it with just a few questions left. At the conclusion of the final question, Mr. Dailey asked if he was needed any longer and proceeded to leave. I then told him that I wanted to speak with him while he was there. He stated that he had another appointment to get to and that he would have his paralegal set up a zoom meeting the following week. The same thing I have heard every time I've seen him. This meeting was again never set up and I have not seen or heard from him since.

    I believe that my pre-sentencing report has likely been issued for review. The interviewer visited my parents home towards the beginning of January. At which time he told them he should have it submitted within a day or two. I am also concerned that I have missed the window to submit any challenges and/or changes. To date, I have not seen the report and Mr. Dailey has been sent emails and text messages expressing that I wanted to see it, and review it with him.

    Within the last three weeks I have been informed of some unsettling information about Mr. Dailey and his law firm. My parents have found multiple concerning articles that I've included for you.

    The first article states that Mr. Dailey and his firm are under investigation for absconding client settlement funds for business and personal use, nearing $740,000. This is currently being heard by the Board of the Commission. The article also reports that Mr. Dailey has failed to respond to lawful demands for information, and failed to appear for a sworn statement.

    The second article states that Mr. Dailey and the Dailey Law Firm have filed for bankruptcy, in late July 23'. As a means of avoiding consequences. This would explain why he required the substantial amount of money for my case, to be paid up front. Which occurred just before this bankruptcy filing. The article also states that this pattern of behavior has been ongoing for a decade or more.

    The third document are a couple of reviews found on the Better Business Bureau's (BBB) website. These claims from other former clients state a very similar experience with Mr. Dailey. In regards to misrepresenting himself as a criminal attorney, lack of communication and also misplaced funds.

    With all of this said, I am hoping that you will agree that Mr. Dailey has provided me with an ineffective assistance of counsel, and that he is both morally and ethically compromised. I am unsure of my available options in light of this.

    I am hoping that at the very least, you are willing and able to appoint

ME NEW COUNSEL, AND ALLOW THEM TO REVIEW MY PRE-SENTANCING REPORT WITH ME. ALSO TO ASSIST IN ANY SUBSEQUENT REQUESTS FOR CHANGE. FINALLY, TO WRITE MY SENTANCING MEMORANDUM. IF IT IS POSSIBLE THAT THEY CAN REVIEW MY CASE IN ENTIRETY AND ADVISE ME OF ANY AND ALL POSSIBILITIES AND THE BEST COURSE OF ACTION MOVING FORWARD, THAT WOULD BE GREATLY APPRECIATED.

— THANK YOU FOR YOUR CONSIDERATION.

JOHN MICHAEL GARRON

*(signed)* John M Garron
1-26-24

12/30/23, 5:08 PM
Case 2:23-cr-20322-DML-DRG ECF No. 32, PageID.118 Filed 01/31/24 Page 6 of 12
Illinois ARDC files complaint against Attorney Brian Thomas Dailey for misusing clients settlement funds - ALABnews

# ILLINOIS ARDC FILES COMPLAINT AGAINST ATTORNEY BRIAN THOMAS DAILEY FOR MISUSING CLIENTS SETTLEMENT FUNDS

Posted by AlabNews Staff Writer | Oct 11, 2023 | News, Illinois, State Level



On Tuesday, September 5, 2023, the Illinois Attorney Registration and Disciplinary Commission (ARDC) filed a complaint against Attorney Brian Thomas Dailey, outlining a series of allegations before the Hearing Board of the Commission.

The case is entitled "In the Matter of Brian Thomas Dailey," with case no. 2023PR00057.

The charges cited *Illinois Rules of Professional Conduct 1.15(a)(d) 8.1(b), and 8.4(c)* which states:

> Failure to hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.

> Failure to promptly deliver to the client or third person any funds that the client or third person is entitled to receive.
>
> Knowingly failing to respond to lawful demands for information from a disciplinary authority.
>
> Conduct involving dishonesty, fraud, deceit, or misrepresentation.

The Rules of Professional Conduct can be found here.

The complaint details a pattern of conduct raising serious ethical concerns. It alleges that Dailey received substantial settlement funds on behalf of various clients but failed to disburse the funds as required. Instead, he is accused of using a staggering $737,963.53 for personal or business purposes. Moreover, the ARDC asserts that Dailey neglected to keep client funds separate from his own, a basic professional obligation. This alleged misconduct extended over several months, leaving numerous clients and third parties in a precarious financial position.

The *complaint* states:

> "As of June 22, 2021, by drawing checks on the IOLTA account or making transfers to other accounts in payment of his own business or personal obligations, Respondent had used for his own purposes at least $737,963.53 of the above clients' funds, which he should have been holding for their benefit or the benefit of their lienholders or other third parties."

The complaint further charges Dailey with failing to respond to lawful demands for information during investigations into the alleged misconduct. Despite repeated requests and a subpoena issued by the ARDC, Dailey purportedly failed to provide crucial documentation and to appear for a sworn statement.

The ARDC's investigation into Dailey's conduct began following complaints from multiple clients and third parties. Despite repeated attempts to engage with Dailey, the attorney allegedly failed to adequately address the serious allegations.

The *complaint* continues:

> "At no time did Respondent reply to counsel for the Administrator's July 31, 2023 correspondence, submit any of the requested documents, or submit written responses to any of the outstanding requests for investigation."

If found guilty, Dailey could face severe disciplinary action, including potential disbarment. Dailey's legal representation withdrew from the case in July, leaving the attorney to face these allegations alone. The ARDC remains steadfast in its commitment to upholding the integrity of the legal profession and ensuring accountability for attorneys who fall short of their ethical obligations.

A hearing before a panel of the Hearing Board will be convened to consider the evidence and make recommendations regarding appropriate disciplinary action.

Mr. Dailey is listed as CEO and senior litigator at his own law firm – **Dailey Law Firm, P.C.** According to avvo.com, Mr. Dailey is a car accident attorney in Chicago, Illinois. He attended the Thomas M. Cooley Law School,

# Complaints preceded attorney Brian Dailey's bankruptcies

"To avoid the consequences of its malfeasance, the debtor initiated this bankruptcy case," receiver John Polderman said in his objection to first-day motions. "Brian Dailey and The Dailey Law Firm have shown that they cannot be trusted to act in a fiduciary capacity with client funds."

Dailey, who also filed a petition for Chapter 13 personal bankruptcy protection July 25, is facing a 12-count complaint by the Attorney Grievance Commission accusing the **personal injury** attorney of dishonesty, fraud and deceit. It is scheduled for a hearing Aug. 8. Dailey could be subject to discipline as severe as disbarment.

Some of the allegations against Dailey in the 2022 Attorney Grievance Commission filing to the Attorney Discipline Board date back more than a decade. As part of their defense, Dailey and his firm have filed complaints and countersuits against those going against his practice. In court documents, Dailey alleges that a former employee embezzled $600,000 from his firm, which contributed to its financial insolvency. The former employee denies the allegation.

Dailey declined to speak to Crain's on the record for this report.

"Brian and I are looking forward to a full and fair hearing before the hearing panel at which time we will be able to prove that he did not engage in the conduct of which he is accused," said Philip Thomas, the Grosse Pointe Farms-based attorney representing Dailey in the Attorney Grievance Commission case and who ran the AGC about 30 years ago.

Dailey, a resident of Grosse Pointe Shores whose practice is based in downtown Grosse Pointe Farms, has achieved some name recognition in the community. At one point, he hosted a legal-themed radio show on WJR-AM 760, and in 2015, he made headlines for a campaign to help a homeless man in Detroit named Willie Payne. In legal circles, though, some lawyers who have worked with Dailey have a less-than-flattering opinion of him.

12/30/23, 5:06 PM
Complaints preceded attorney Brian Dailey's bankruptcies - LEGAL MARKETING
Case 2:23-cr-20322-DML-DRG  ECF No. 22, PageID.121  Filed 01/31/24  Page 9 of 12

Brian Hanna, a Southfield-based collections attorney, sued Dailey in 2018 over bounced checks. Hanna filed his lawsuit after several attempts to get Dailey to make good on checks he sent to a client, according to the complaint. Dailey filed unsuccessfully to have the motion dismissed. A judgment was entered against him for $2,806 in 2019, but it has gone unpaid.

"I don't want to deal with this guy. He's bad luck," Hanna said. "He's never gonna pay it."

That isn't the only instance of that situation playing out, according to the AGC complaints. In 2010, Dailey was ordered to pay $5,495 to Gursten, Christensen and Raitt PC, which he has not, according to the Attorney Grievance Commission complaint.

The counts compiled by the commission allege a pattern of Dailey failing to pay funds owed in a timely manner, often going several years before paying judgments. In one case, Southfield-based Lemon Law attorney Steven Lehto partnered with Dailey on seven cases, but when Lehto sought his share, Dailey said he was having trouble with funds and never paid him, according to the complaint.

Bob Smith, a former partner of Dailey, said the only thing that surprises him is that Dailey has gotten away with those business practices for so long.

Smith said Dailey would put off paying money he owed in hopes he'd get away without paying, or paying less.

"Nobody's turned him in until I started telling clients to call the Attorney Grievance Commission," Smith said.

Smith first met Dailey around 30 years ago at Amerisure Insurance, where both worked as attorneys. Dailey left after a year or two to start his own personal injury practice. Smith said Dailey asked him to refer car crash victims, so one day he referred a co-worker.

As Smith recalled, Dailey took the case and settled it for the policy limit, and then asked Smith if he wanted the referral fee or to invest in his **law firm**. Smith said he asked for the former but never got a check.

"That's when we became estranged," he said.

After 39 years at Amerisure, the company cut its staff counsel and Smith was out of a job just a couple of years short of retirement. Scouring the classifieds, he happened upon an opening at Dailey's law firm. He called up his former colleague and began working for him and helping on cases in 2018.

Things went well, Smith said, though he was a little suspicious of Dailey's practices. Then four or five months in, after Dailey settled a big case, the attorney was nowhere to be found, Smith said.

"This was the rule: Anytime a check came in on any case, the receptionist would stamp it with the deposit stamp and at lunch run all the checks that came in the mail to the bank," he said. "They didn't note them on the file or anything."

Smith said he quit working for Dailey after a year and three months.

"Nobody knew where he was or what he was doing," Smith said of Dailey. "The clients that I was representing for him were calling me wanting their money. I just said, 'I can't do this anymore. This is unethical. It's probably illegal what he's doing, and I'm getting out of here.'"

# Complaints
# Dailey Law Firm, P.C.

View Business profile >

**Need to file a complaint?**
BBB is here to help. We'll guide you through the process.

File a Complaint

Note that complaint text that is displayed might not represent all complaints filed with BBB. See details.

**Filter by**
All complaint statuses

All complaint types

Showing **all** complaints

**Sort** Most Recent

**Initial Complaint**
06/09/2022

**Complaint Type:** Problems with Product/Service
**Status:** Unanswered

Mr ********************* told me he was a criminal attorney he is not ,he specialize in helping people who been involved in vehicle accidents I asked before I asked him before I gave him funds I went in to discharge he told my mother and beg to take my case and said he can help me with matter and some of my money was non refundable which I gave him **** I felt that he didnt know anything about criminal law .later on the run my action were correct he never spoke ever he only talk through his secretary he never answer the phone he didnt investigate he is ,bad for business he lied about what kind of attorney he is he misinformed me which damage my case and withdrew himself and hurted me more with lies this is a bad business and she be investigated

**Initial Complaint**
03/05/2022

**Complaint Type:** Billing/Collection Issues
**Status:** Unanswered

Missing Thousand Dollars I need clarity Expected Date of When issue of my Thousand dollar payment to my attorney on my sentencing hearing Date So Judge sees that I'm definitely attempting to pay all Financial Obligations Immediately I was sentenced on a early Monday morning so ********* ******** accounting office was unavailable to assist with my Thousand dollar payment. So I told my Attorney ***** Dailey..I'd like to Place An Additional Thousand dollars toward my balance owed so Judge sees I'm going to pay my financial obligations Immediately. ********* ******** courthouse still hasn't received my Thousand Dollars towards my balance Due. Fraud Is when you especially as a Attorney didn't complete what you said on Recorder transcript in court place my Thousand Dollars towards my account balance. I owe Nothing to the *****

Dailey Law Firm I paid him very first time I spoke with him. Fourty five hundred dollars Immediately Where is my Thousand Dollars From Dailey Law Firm????Fraud